UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV02244 ERW |
| | ) | |
| PORTFOLIO RECOVERY GROUP, | ) | |
| LLC, and DANIEL OLCOTT | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on the Order and Writ of Body Attachment issued against Defendant Daniel Olcott on March 13, 2014 [ECF No. 43], listing Defendant Olcott's last known addresses in the State of New York. The United States Marshal Service, Eastern District of Missouri, has advised the Court that it must determine whether Federal Rule of Civil Procedure (FRCP) 4.1(b) permits execution of the Order and Writ of Body Attachment outside the Court's territorial jurisdiction.

FRCP 4.1(b) states,

> An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

Courts have interpreted this provision as allowing enforcement of contempt orders "in any district," so long as the case arises under federal law. *See, e.g.*, *S.E.C. v. Res. Dev. Int'l L.L.C.*, 86 Fed. Appx. 14 (5th Cir. 2003) (upholding petitioners' incarcerations for civil contempt because the case involved alleged violations of federal securities law, and, thus, contempt orders

could be properly served in any district). In this case, Plaintiff Crystal Conway's claims arise under federal law, specifically, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. As a result, this Court may issue an order committing Defendant Olcott for civil contempt in any district. *See Gaulden v. City of Desloge, Missouri*, No. 4:07CV01637 ERW, 2009 WL 690157, at *2 (Mar. 12, 2009); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (ordering incarceration of defendant in Florida due to his failure to comply with temporary purgation requirements); *cf. Spectacular Venture L.P. v. World Star Int'l, Inc.*, No. 94 Civ. 9817 (JGK), 1998 WL 401535 (S.D.N.Y. July 17, 1998) (finding court is unable to arrest defendant for civil contempt because the case was based on diversity jurisdiction, not federal law, and defendant was located outside the territorial jurisdiction of the court).

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshal Service shall seize the body of Daniel Olcott, President, Portfolio Recovery Group, LLC, pursuant to the Order and Writ of Body Attachment [ECF No. 43] issued by this Court on March 13, 2014.

Dated this  24th  Day of March, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE